McFarland, J.,
delivered the opinion of the court.
The note sued on was barred-by the statute of limitations, unless taken out of the statute by the promise of the defendant to pay it.
For the plaintiff it was insisted that the proof established a sufficient promise or acknowledgment; for the defendant, that the proof only established a promise to pay upon condition, that the plaintiff, or the holder of the note at the time, would come to a settlement of other accounts between them, in which the defendant insisted there ivould be a balance in his favor.
There ivas proof upon both sides of the question.
The judge charged the jury that to take the question out of the statute the jury must find that within the six years there ivas a promise to pay and acknoAidedgment of a satisfactory liability.
The defendant’s counsel requested the judge to charge, “that the acknowledgment must .be a direct and unconditional one, or an unconditional promise to pay, or if conditional, that the condition has been performed.” The bill of exceptions states: “Instead of Avliich the court further .charged that there must be a positive promise to pay, and an acknoAvledgment of the debt sIioaaui; that this would suffice, as he had already charged the jury as to the rest of the proposition.” We cannot take it from this, that the judge had charged as requested, although the bill of exceptions says, “among other things not excepted to,” the court charged, etc. The defendant did except to- the charge on this point, and requested a more specific charge, “instead of which,” as the bill of exceptions shows, the court further charged, etc.
The court told the jury there must be a positive promise1 to pay; he was asked to say that the promise must be positive and unconditional, or if conditional it must appear *621 that tbe condition, was performed. We think this was improperly refused.
If a promise to pay is relied upon, the promise should be positive and unconditional, or if conditional, the condition must appear to have been performed; but a direct and unqualified acknowledgment of a previous subsisting debt which the party is willing to pay will be sufficient, though there be no express promise to pay. See cases collected, 3 King’s Dig., sec. 8312.
To this extent the charge of the court, as well as the request of defendant’s counsel, should have been modified in favor of the plaintiff below.
But still we are of opinion, the contest being as to whether the promise was a conditional one or not, the judge erred in refusing to instruct the jury as to the effect of a conditional promise.
Judgment must be reversed.